[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on May 17, 1980 at Wilton, Connecticut.
The plaintiff had resided in Connecticut continuously for at least one year prior to the filing of the complaint. Both of the parties now reside outside of Connecticut.
One child was born to the wife during the marriage. This CT Page 10970 child is issue of the marriage, to wit: Asa Brooks Povenmire, born April 10, 1989.
The marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution may enter.
The wife testified that problems in the marriage started to occur during the second year of the marriage. Her testimony as to the cause of the breakdown leaves much to be desired. She testified, generally, as to some pushing which might have occurred but there is a lack of specificity in her testimony. As a consequence, the court would be hard pressed to find that the husband's behavior was the primary cause of the breakdown.
The husband testified that the marriage failed primarily because of the wife's selfishness and inflexibility. He also indicated that for three and one-half years (3-1/2), his wife rejected his overtures for sexual relations. Further, she was very intolerable toward people who do not share her beliefs.
On the basis of the parties' testimony, the court cannot ascribe greater blame to either and, therefore, concludes that the issue of fault has little, if any, bearing on the court's decision.
The wife is self-employed as a psychotherapist. Neither certification nor licensure is required. Prior to voluntarily leaving Connecticut in 1993, the wife earned as much as $800 per week. She now reports earnings of $110 per week. She attributes her reduction in income primarily upon her deteriorating health. She testified of chronic fatigue, an immune disfunction which affects her memory. She also indicates that she very often "barters" her services.
The plaintiff graduated from Tufts, magna cum laude. She received extensive training in psychoanalysis in Mount Kisco, New York. Most, if not all, of the wife's post graduate expenses were paid by the husband. She is thirty-nine (39) years of age.
The husband also graduated from Tufts and has received a master's degree from Yale. He is thirty-eight (38) years of age. He earns $42,600 a year. His health appears to be good. CT Page 10971
The wife received $18,000 from the sale of the home and the husband received approximately $2,000. Since the separation in January, 1993, the husband has contributed substantially to the wife.
As of the hearing date on September 2, 1994, the husband owed the wife the sum of $950.
Having considered all of the evidence and the mandates of Connecticut General Statutes, Secs. 46b-81, 46b-82 and46b-84, the court further finds and orders as follows:
1. Custody of the minor child shall be joint with reasonable, flexible and liberal rights of visitation granted to the father.
2. The husband shall pay to the wife the sum of $140 per week as support for the minor child. This sum is substantially in compliance with the Connecticut Child Support Guidelines.
3. The husband shall provide, as available through his employment, medical and dental insurance coverage for the minor child. All unreimbursed medical and dental expenses shall be divided equally between the husband and the wife. These orders are issued subject to Connecticut General Statutes, Sec. 46b-84(c).
4. The $950 arrearage due for August, 1992, shall be paid at the rate of $40 per week until it is paid in full. The court recognizes that as of the date of the hearing, the September payment had not been made.
5. Any life insurance available to the husband through his employment will name the child as beneficiary for so long as he is obligated to support said child.
6. The husband shall pay as periodic alimony to the wife the sum of $135 per week as periodic alimony until the happening of the first of the following events:
a) death of either party;
b) remarriage by the wife; CT Page 10972
c) cohabitation by the wife;
d) five years from the date of this decision.
Alimony shall be nonmodifiable as to term.
The court has carefully considered the order of time limited alimony and based upon the money previously paid by the husband to the wife, the ability of the wife to earn more than she presently does, the husband's payment of debts and the receipt of $18,000 by the wife, the order of the court is fair and equitable.
7. The husband shall be allowed to claim the tax deduction for the minor child.
8. Each of the parties shall be responsible for his or her own expenses and attorney's fees.
9. The order of alimony and child support shall be effective as of September 2, 1994.
Mihalakos, J.